MICHIGAN ASSOCIATION OF HOMES AND SERVICES FOR the AGING, INC., a Michigan nonprofit corporation, Plaintiff,

v.

Donna E. SHALALA, in her capacity as Secretary of Health and Human Services; and Anthony J. Tirone, in his capacity as Director, Office of Survey and Certification, Health Standards and Quality Bureau, Health Care Financing Administration, Defendants.

No. 95–75278.

United States District Court,
E.D. Michigan,
Southern Division.

May 20, 1996.

Richard J. Landau, Ann Arbor, Michigan, for Plaintiff.

James E. Stewart, Detroit, Michigan, for American Health Care Association, Inc., Amicus in Support of Plaintiff.

Mary Ridgon, Assistant U.S. Attorney, Detroit, Michigan, Kathleen Moriarty Mueller, Department of Justice, Civil Division, Washington, D.C., for Defendant Social Security Commissioner.

Mark A. Stern, Detroit, Michigan, for American Association of Homes & Services for the Aging, Amicus in Support of Plaintiff.

Susan McParland, Michigan Legal Services, Detroit, Michigan, Toby Edelman, Patricia Nemore, Washington, D.C., for National Citizens Coalition for Nursing Home Reform, Amicus in Support of Defendants.

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

EDMUNDS, District Judge.

Plaintiff Michigan Association of Homes and Services for the Aging, Inc. ("MASHA")'s First Amended Complaint seeks injunctive and declaratory relief and raises constitutional and statutory challenges to federal regulations governing a nursing facility's ability to participate in the Medicare and Medicaid programs. This matter comes before the court on Plaintiff's motion for a preliminary injunction and Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) arguing this court lacks subject matter jurisdiction over Plaintiff's claims and further arguing that Plaintiff has failed to state claims upon which relief can be granted.[1]

This court concludes that it lacks subject matter jurisdiction over Plaintiff's claims. Plaintiff's claims arise under the Medicare Act, therefore, the jurisdictional limits of 42 U.S.C. §§ 405(g) and (h) apply. The Supreme Court has held that claims for declaratory and injunctive relief, even those asserting constitutional and statutory challenges, arise under the Medicare Act. *See Weinberger v. Salfi*, 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975); *Heckler v. Ringer*, 466 U.S. 602, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984). Thus, 42 U.S.C. § 405(h), which is incorporated into the Medicare Act through 42 U.S.C. § 1395ii, precludes jurisdiction under 28 U.S.C. §§ 1331 and 1346—the jurisdictional basis asserted in Plaintiff's complaint.

1. Several Amicus Curiae briefs have been filed. The National Citizens' Coalition for Nursing Home Reform has submitted a brief in support of Defendants' position. This brief provides legislative history for the statutes and regulations at issue here. It also argues nursing home residents will suffer great harm if Plaintiff is granted injunctive relief.

The American Association of Homes and Services for the Aging has submitted an amicus brief in support of Plaintiff and argues that a preliminary injunction should be issued. The American Health Care Association, Inc. ("AHCA") and has submitted an amicus brief in support of Plaintiff arguing Plaintiff's claims arise independently under the Medicare and Medicaid Acts, therefore, the jurisdictional limits of 42 U.S.C. § 405(g), (h) do not apply and even if they are found to apply Plaintiff's claims do not "arise under" the Medicare Act. AHCA further argues that this court has mandamus jurisdiction under 28 U.S.C. § 1361.

Judicial review of Plaintiff's claims is not foreclosed; it is merely delayed. Section 1395cc(h)(1) of the Medicare Act provides for judicial review. Plaintiff's members, however, must first satisfy the nonwaivable requirement of 42 U.S.C. § 405(g), which is incorporated into the Medicare Act via § 1395cc(h)(1), by presenting their claims to the Secretary. Plaintiff's members have not done this. Accordingly, this court lacks subject matter jurisdiction over Plaintiff's claims. Defendants' motion to dismiss is **GRANTED** and Plaintiff's motion for a preliminary injunction is **DENIED.**

## I. Background

Plaintiff MASHA is an association representing 90 not-for-profit nursing homes in Michigan that participate in the Medicare and Medicaid programs.[2] To participate in Medicare and Medicaid, a nursing home must comply with health and safety standards established by statute, 42 U.S.C. §§ 1395i–3(a)–(d) (Medicare) and 42 U.S.C. §§ 1396r(a)–(d) (Medicaid), and the implementing regulations set forth in 42 C.F.R. part 483, subpart B.

Defendant Shalala, Secretary of Health and Human Services ("the Secretary"), is responsible for monitoring nursing homes that participate in Medicare and Medicaid, is responsible for enforcing participation requirements, is authorized to promulgate regulations in furtherance of her duties, 2 U.S.C. § 1302, and has delegated that authority to the Health Care Financing Administration ("HCFA"). Defendant Tirone, who is sued in his official capacity, is Director of the Office of Survey and Certification in the Health Standards and Quality Bureau of the HCFA.

The federal and state governments monitor and enforce compliance with the partic-

ipation requirements through the survey, certification, and enforcement process. The regulations, 42 C.F.R. § 483.1(b), provide a single set of requirements that "serve as the basis for survey activities for the purpose of determining whether a [nursing] facility meets the requirements for participation in Medicare and Medicaid." Facilities found to be out of compliance with the requirements may be subject to sanctions including the denial of payment for Medicare and Medicaid patients, the imposition of civil money penalties of up to $10,000 per day, or the termination of the facility's participation in Medicare and Medicaid, 42 U.S.C. § 1395i–3(h); 42 U.S.C. § 1396r(h). If a facility is found to have provided "substandard quality of care," the State is required by statute to notify the appropriate state licensing authority for nursing home administrators and the attending physicians of the affected residents, 42 U.S.C. §§ 1395i–3(g)(5)(C), 1396r(g)(5)(C), and the facility may not operate an approved nursing aide training and competency evaluation program for two years, §§ 1395i–3(f)(2)(B)(iii), 1396r(f)(2)(B)(iii).

On August 28, 1992, HCFA published a proposed rule implementing these statutory provisions. On November 10, 1994, after considering comments, HCFA published the final regulations. July 1, 1995 was established as the effective date of the new regulations. Minor corrections to the final regulations were published on August 30, 1995. These new regulations were promulgated in an effort to implement comprehensive reforms to the nursing facility survey, certification and enforcement process authorized by Congress in the Omnibus Budget Reconciliation Act of 1987 ("OBRA 87"). The Act and the regulations were intended to establish an enforcement process that would encourage

---

**2.** Medicare is a federally-funded program administered by the Department of Health and Human Services that provides health insurance benefits for persons 65 or older and for disabled persons by making payments to health care providers. Providers who choose to participate in the Medicare program must comply with the requirements of Title XVIII of the Social Security Act, 42 U.S.C. § 1396, et seq., commonly known as the Medicare Act, and federal regulations setting forth conditions for participation.

The Medicaid program is jointly funded by the federal and state government. If a state chooses to participate in the Medicaid program, and complies with the requirements of Title XIX of the Social Security Act, 42 U.S.C. § 1396, et seq., commonly known as the Medicaid Act, and federal regulations implementing that Act, the federal government will provide funds that partially reimburse the state for payments made for persons whose income and resources are insufficient to meet the costs of necessary medical services. 42 U.S.C. § 1396.

compliance with the Act's certification requirements.

Plaintiff's lawsuit is a challenge to several aspects of the new regulations. In addition to injunctive relief, Plaintiff seeks a judgment declaring that: (1) the factors set forth in 42 C.F.R. § 488.404 and considered by the Secretary when selecting enforcement remedies are unconstitutionally vague; (2) Defendants have violated § 1395i–3(g)(2)(D) of the Medicare Act, and § 488.312 of the regulations, by not implementing programs to measure and reduce inconsistency in the application of survey results among surveyors; (3) Defendants have violated the Administrative Procedures Act by failing to promulgate survey methods, procedures and forms pursuant to the Act's notice and comment rulemaking requirements; and (4) the appeal procedures provided under the regulations violate Plaintiff's member's rights to procedural due process.[3]

Presently before the court is Plaintiff's motion for a preliminary injunction and Defendants' motion to dismiss Plaintiff's First Amended Complaint pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6). The jurisdiction issue raised in Defendants' motion to dismiss must be addressed first.

## II. Analysis

### A. Subject Matter Jurisdiction

■ Defendants, pursuant to Rule 12(b)(1), assert that Plaintiff's complaint should be dismissed because this court lacks subject matter jurisdiction. This court will dismiss Plaintiff's complaint if, assuming that the allegations in the complaint are true and construing the complaint in a light most favorable to Plaintiff, " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Ang v. Procter &*

*Gamble Co.*, 932 F.2d 540, 544 (6th Cir.1991) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

■ Plaintiff's complaint alleges that this court has jurisdiction under 28 U.S.C. §§ 1331, 1346, and 2201.[4] Defendants argue this court lacks subject matter jurisdiction under §§ 1331 and 1346 because Plaintiff's claims "arise under" the Medicare Act; that judicial review is available under § 1395cc(h)(1) of the Medicare Act but Plaintiff's members must first satisfy the requirements of that subsection.

Plaintiff responds that this court has jurisdiction under 28 U.S.C. § 1331 because: (1) its claims "arise under" the Due Process Clause and the Administrative Procedures Act; not the Medicare Act; (2) its constitutional and statutory challenges lie outside the jurisdiction of an administrative tribunal; (3) it is entitled to the exception recognized in *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986), allowing this court to exercise subject matter jurisdiction under § 1331 because no other avenue of judicial review exists for its procedural due process claims; and (4) its claims also arise under the Medicaid Act, which, unlike the Medicare Act, does not incorporate the judicial review provisions of the Social Security Act, 42 U.S.C. §§ 405(g) and (h). The court is not persuaded by Plaintiff's arguments and concludes it does not have subject matter jurisdiction over Plaintiff's claims.

### A. Claims "Arising Under" the Medicare Act

■ 42 U.S.C. § 405(h), which is incorporated into the Medicare statute by 42 U.S.C. § 1395ii, "precludes the federal courts from entertaining claims based on the jurisdiction provisions of the Tort Claims Act, § 1346 of

---

**3.** The regulations provide for formal administrative appeals, allowing a facility to challenge a finding that it provided substandard quality of care, only when an enforcement remedy is imposed. 42 C.F.R. § 488.408(g). Plaintiff argues that the Due Process Clause entitles its members to a formal administrative hearing where they can challenge (1) each finding of noncompliance, (2) the level of noncompliance, i.e., the scope and severity determinations, and (3) the enforcement remedy selected. Plaintiff asserts that providing informal dispute proceedings for these chal-

lenges does not satisfy its members procedural due process rights.

**4.** The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202 does not provide an independent grant of jurisdiction to the federal courts; it merely provides a remedy where federal court jurisdiction already exists. *See, e.g., Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950).

Title 28, or the statutory grant of jurisdiction over federal questions, § 1331 of Title 28, if the claims 'arise under' the Medicare Act." *Livingston Care Ctr., Inc. v. United States,* 934 F.2d 719, 721 (6th Cir.), *cert. denied,* 502 U.S. 1003, 112 S.Ct. 636, 116 L.Ed.2d 654 (1991). The Supreme Court has held § 405(h) is not merely a codification of the doctrine of exhaustion of remedies. *Weinberger v. Salfi,* 422 U.S. 749, 760–61, 95 S.Ct. 2457, 2464–65, 45 L.Ed.2d 522 (1975). Rather, "it provides that § 405(g),[5] to the exclusion of 28 U.S.C. § 1331, is the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Heckler v. Ringer,* 466 U.S. 602, 615, 104 S.Ct. 2013, 2021, 80 L.Ed.2d 622 (1984). Thus, the critical inquiry here is whether Plaintiff's claims arise under the Medicare Act.

The Supreme Court construes § 405(h)'s "claim arising under" language "quite broadly to include any claims in which 'both the standing and the substantive basis for the presentation' of the claims is the [Medicare] Act." *Id.* at 615, 104 S.Ct. at 2022. All four counts of Plaintiff's complaint arise under the Medicare Act because that Act provides both the "standing and the substantive basis" for each.

Count II is based on a provision of the Medicare Act, 42 U.S.C. § 1395i–3(g)(2)(D), and alleges Defendants have neglected their responsibility under that subsection to implement programs that measure and reduce inconsistency in the application of survey results among surveyors. Accordingly, Plaintiff cannot argue that its claim in Count II, which seeks to enforce a subsection of the Medicare Act, does not arise under that Act. Likewise, Plaintiff's constitutional and Administrative Procedural Act challenges "arise under" the Medicare Act. The Act provides both the "standing and the substantive basis" for the claims it asserts under Counts I (unconstitutional vagueness), Count III (violation of the Administrative Procedures Act), and Count IV (procedural due process violation).

In *Salfi,* the Court held the plaintiffs' constitutional challenge to an eligibility statute was a claim arising under the Act within the meaning of § 405(h) even though the claim also arose under the Constitution. Likewise, in *Ringer,* the Court held the plaintiffs' claim that the Secretary failed to comply with the rulemaking requirements of the Administrative Procedures Act arose under the Medicare Act within the meaning of § 405(h). 466 U.S. at 614, 104 S.Ct. at 2021. *See also Good Samaritan Medical Ctr. v. Secretary of Health and Human Serv.,* 776 F.2d 594, 597–98 (6th Cir.1985) (holding hospital's equal protection claim "arises under" the Medicare Act); *Livingston Care Ctr.,* 934 F.2d at 722 (holding plaintiff's claim for consequential damages due to the Secretary's negligence in the decertification process and its procedural due process claim "arose under" the Medicare Act). The Supreme Court further recognized in *Ringer* "[i]t is of no importance" that the plaintiffs, similar to MASHA here, "sought only declaratory and injunctive relief and not an actual award of benefits as well." *Ringer,* 466 U.S. at 615, 104 S.Ct. at 2022.

Moreover, Plaintiff's argument that § 1331 federal-question jurisdiction exists for its constitutional and statutory claims because they lie outside the jurisdiction of an administrative tribunal is equally without merit. As the Supreme Court recognized in *Salfi,*

> the plain words of the third sentence of § 405(h) do not preclude constitutional challenges. They simply require that they be brought under jurisdictional grants contained in the Act.... The result is not only of unquestionable constitutionality, but it is also manifestly reasonable, since it assures the Secretary the opportunity prior to constitutional litigation to ascertain, for example, that the particular claims involved are neither invalid for other reasons not allowable under other provisions of the [Medicare] Act.

422 U.S. at 762, 95 S.Ct. at 2465.

The Sixth Circuit observed these principles in *Good Samaritan,* 776 F.2d at 599, and held "[i]t is irrelevant that the [Administrative Law Judge] may not be able to provide the relief that [the plaintiff] seek[s]". The court further observed that, despite the administrative tribunal's inability to address constitutional and other challenges, the exhaustion requirement serves a valuable func-

---

**5.** 42 U.S.C. § 405(g) is incorporated into the Medicare Act through 42 U.S.C. § 1395cc(h)(1).

tion—it allows the Secretary " 'the opportunity to determine whether the claims were invalid for other reasons or cognizable under different theories,' " and also assists a reviewing court " 'in its scrutiny of the challenged regulation by its application to the particular facts.' " *Id.* (quoting *Ass'n of Am. Medical Colleges v. Califano,* 569 F.2d 101, 110 (D.C.Cir.1977)). The Sixth Circuit also observed that the exhaustion requirement "is particularly valuable ... where the challenge is to a procedure alleged to be used. It will result in a record of the procedure actually used." *Id. See also Livingston Care Ctr.,* 934 F.2d at 722.

■ Exhaustion here would further the purposes underlying § 405(g). It will help to identify problems and inconsistencies in the certification process and will facilitate correction efforts. "Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review." *Salfi,* 422 U.S. at 765, 95 S.Ct. at 2467.

### B. The *Michigan Academy* Exception

Plaintiff's reliance on *Bowen v. Michigan Academy of Family Physicians,* 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986) is also misplaced. As the Sixth Circuit observed, the Supreme Court in *Michigan Academy* recognized "an exception to 42 U.S.C. § 405(h) that allows courts to exercise subject-matter jurisdiction of certain Medicare claims under 28 U.S.C. § 1331 and 1346" but "the exception applies only when there is no other avenue of judicial review." *Westchester Management Corp. v. U.S. Dep't of Health and Human Serv.,* 948 F.2d 279, 282 (6th Cir.1991), *cert. denied,* 504 U.S. 909, 112 S.Ct. 1936, 118 L.Ed.2d 543 (1992). That exception is not applicable in this case.

42 U.S.C. § 1395cc(h)(1) provides an avenue of judicial review for Plaintiff's claims of unconstitutional vagueness, violation of § 1395i–3(g)(2)(D) of the Medicare Act, violation of the Administrative Procedures Act, and violation of its members' rights to procedural due process under the appeal process set forth in the regulations. Plaintiff's arguments must be examined in the context within which they are raised—a facial constitutional challenge. A facial challenge is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exist under which the Act would be 'valid.' " *Chemical Waste Management, Inc. v. U.S. Envtl. Protection Agency,* 56 F.3d 1434, 1437 (D.C.Cir.1995) (quoting *United States v. Salerno,* 481 U.S. 739, 745, 107 S.Ct. 2095, 2100, 95 L.Ed.2d 697 (1987) and citing *Steffan v. Perry,* 41 F.3d 677, 693 (D.C.Cir.1994) (en banc) ("because constitutional judgments are only justified out of the necessity of adjudicating rights in particular cases, a facial challenge must demonstrate no circumstances exist where the Act would be valid").

The court can discern at least one scenario where judicial review is available to raise each of Plaintiff's claims, e.g., when an enforcement remedy is imposed and the facility has exhausted its administrative remedies. This scenario is sufficient to defeat Plaintiff's argument that *no* avenue of judicial review exists for its procedural due process claims. Accordingly, the *Michigan Academy* exception is not applicable here.

Because Plaintiff's claims arise under the Medicare Act, § 405(h) deprives this court of jurisdiction under 28 U.S.C. §§ 1331 and 1346. This does not mean Plaintiff's members may never obtain judicial review of their claims. On the contrary, the judicial review provision of the Social Security Act, 42 U.S.C. § 405(g), which is incorporated into the Medicare statute, 42 U.S.C. § 1395cc(h)(1), expressly allows Plaintiff's members to raise their claims "after any final decision of the Secretary made after a hearing to which [the provider] was a party." Thus, nursing homes, such as Plaintiff's members, that are dissatisfied with a certification decision may seek judicial review in federal court and raise their constitutional and statutory claims *after* satisfying the requirements of § 405(g).

The Supreme Court recognizes that § 405(g) has two requirements that are "central to the requisite grant of subject-matter

jurisdiction." *Salfi*, 422 U.S. at 764, 95 S.Ct. at 2466. The first "consists of a nonwaivable requirement that a 'claim for benefits shall have been presented to the Secretary'". *Ringer*, 466 U.S. at 617, 104 S.Ct. at 2023 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S.Ct. 893, 899, 47 L.Ed.2d 18 (1976)). The second is "a waivable requirement that the administrative remedies prescribed by the Secretary be pursued fully by the claimant." *Ringer*, 466 U.S. at 617, 104 S.Ct. at 2023.

The first requirement has not been satisfied here. Plaintiff's complaint does not allege that any of its members have presented a claim to the Secretary. In fact, Paragraph 8, clarifies that Plaintiff's challenges do not involve the specific application of the regulations to a particular facility; rather Plaintiff raises a facial challenge. Supreme Court precedent establishes that a plaintiff may not avoid the jurisdictional requirements of the Medicare Act simply by declining to challenge any particular determination and instead bringing a facial challenge to the Secretary's procedures or rules used in reaching that determination. *See Ringer*, 466 U.S. at 622, 104 S.Ct. at 2025 (where the Court observed that "[b]ecause Ringer has not given the Secretary an opportunity to rule on a concrete claim for reimbursement, he has not satisfied the nonwaivable exhaustion requirement of § 405(g)").[6]

## C. Claims Arising Under the Medicaid Act

■ Plaintiff and Amicus AHCA argue this court has jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims also arise under the Medicaid Act which, unlike the Medicare Act, does not incorporate 42 U.S.C. §§ 405(g) and (h). The court disagrees. Plaintiff has not persuaded the court that its

members' claims as providers under the Medicaid Act are separate and distinct from their claims as providers under the Medicare Act and thus are beyond the reach of the jurisdictional bar of 42 U.S.C. § 405(h). *See Rhode Island Hosp. v. Califano*, 585 F.2d 1153, 1162–63 (1st Cir.1978).

In *Rhode Island Hosp.*, the court rejected an argument similar to the one Plaintiff raises here. Plaintiff hospital challenged federal regulations implementing provisions under the Medicare and Medicaid Acts. The court, concluding 42 U.S.C. § 405(h) did apply, reasoned:

> Were we to assume § 1331 jurisdiction over the Hospital's Medicaid claim we would find ourselves in the peculiar posture of hearing a case that consists entirely of a challenge to ... [provisions under the Medicare Act], when we are expressly barred by [the Medicare Act] from entertaining that challenge at this time. To so allow [the Medicaid Act] to become the back door into [the Medicare Act], which has barred this case from entrance, would result in an automatic circumvention of the [Medicare Act] administrative machinery when its [provisions] have been adopted by [the Medicaid Act] and the provider, as will usually be the case, furnishes services under both [the Medicare and the Medicaid Act].

*Id.* at 1162.

This court finds the reasoning and result in *Rhode Island Hosp.* persuasive. Neither Plaintiff nor Amicus AHCA has cited any reason to depart from the reasoning in this case. As was the situation in *Rhode Island Hosp.*, if a facility that participates in both Medicare and Medicaid succeeds in the administrative process or in its subsequent federal court challenge regarding its eligibility

---

**6.** Because Plaintiff's members have not satisfied the nonwaivable jurisdiction requirement under § 405(g), its reliance on case law discussing the second, waivable requirement under § 405(g) is misplaced. *See Bowen v. City of New York*, 476 U.S. 467, 482, 106 S.Ct. 2022, 2031, 90 L.Ed.2d 462 (1986); *Day v. Shalala*, 23 F.3d 1052 (6th Cir.1994); *Wayside Farm, Inc. v. U.S. Dep't of Health and Human Serv.*, 863 F.2d 447 (6th Cir. 1988).

Furthermore, in light of this court's decision that Plaintiff's members have not exhausted their

avenues for relief available under the Medicare Act, Amicus AHCA's argument that mandamus jurisdiction is available under 28 U.S.C. § 1361 is without merit. As the Supreme Court recognized in *Ringer*, 466 U.S. at 616, 104 S.Ct. at 2022, a writ of mandamus "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty."

to participate in the Medicare program, the "benefits of the determination will accrue to it as a provider of Medicaid as well as Medicare services." *Id.* at 1163.

This is true because the regulations implementing the Medicare and Medicaid Acts provide a single set of requirements that "serve as the basis for survey activities for the purpose of determining whether a facility meets the requirements for participation in Medicare and Medicaid." 42 C.F.R. § 483.1(b). One survey process is used to determine compliance with both statutes. If found to be out of compliance with the Medicare participation requirements, a dual participating facility will likewise be found to be out of compliance with the Medicaid participation requirements. Accordingly, there will be only one certification decision and one enforcement action imposed on a dual participating facility, i.e., one that participates in both the Medicare and Medicaid programs. *See* 42 C.F.R. § 488.452(e). This court, adopting the reasoning and result in *Rhode Island Hosp.*, will not permit Plaintiff to use the Medicaid Act as a "back door" into the Medicare Act "which has barred this case from entrance" and will not permit Plaintiff to use the Medicaid Act as a means to circumvent the jurisdictional requirements of the Medicare Act. *Rhode Island Hosp.*, 585 F.2d at 1162.

Plaintiff's complaint does not allege a cause of action on behalf of a member or members participating solely in the Medicaid program asserting claims that arise under the Medicaid Act but not under Medicare or claims that challenge regulations implementing the Medicaid Act but not Medicare. Plaintiff's complaint does not allege facts demonstrating it has standing to assert claims on behalf of members that participate solely in the Medicaid program as opposed to those members that participate in the Medicare program or both the Medicare and Medicaid programs. *See Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 343, 97 S.Ct. 2434, 2441, 53 L.Ed.2d 383 (1977) (establishing a three-part test for associational standing which requires (1) an association's members have standing to sue in their own right, (2) the association must be seeking to protect interests that are germane

to its organizational purpose, and (3) that neither the claim asserted or the relief requested requires the participation of individual members in the lawsuit). *See also Banks v. Secretary of Indiana Family & Social. Serv. Admin.,* 997 F.2d 231, 237–38 (7th Cir. 1993). Accordingly, jurisdiction is not proper under 28 U.S.C. § 1331.

### III. Conclusion

For the foregoing reasons, this court **GRANTS** Defendants' motion to dismiss and **DENIES** Plaintiff's motion for a preliminary injunction.

### *JUDGMENT*

The Court having reviewed the pleadings in this matter and being fully advised in the premises;

IT IS HEREBY ORDERED AND ADJUDGED that Defendants' motion to dismiss is hereby GRANTED and Plaintiff's claims against Defendants are hereby DISMISSED with prejudice.

SO ORDERED.